Patricia POOLE *v.* STATE of Arkansas

5345                                            428 S. W. 2d 628

Opinion delivered June 3, 1968

*John S. Choate* and *Burl C. Rotenberry,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. Appellant, Patricia Poole, was charged in Little Rock Municipal Court with the offense of failure to vacate under Ark. Stat. Ann. § 50-523 (1947). After her plea of not guilty was entered, appellant was tried and found guilty in municipal court and was assessed a fine of $15.00 and costs of $10.50. Upon appeal to the Pulaski County Circuit Court, appellant's motion to dismiss was denied and the judgment of the Little Rock Municipal Court was affirmed. On appeal to this court, appellant relies on the following point for reversal:

"Appellant's conviction should be reversed and Ark. Stat. Ann. 50-523 declared to be unconstitutional since it constitutes an invalid and unreason-

able exercise of the police power of the state of Arkansas in that the subject matter thereof is outside the scope of the public health, safety and general welfare and interest, and consequently the enforcement of Ark. Stat. Ann. 50-523 deprives appellant of rights secured to her by the due process clause of the Fourteenth Amendment to the United States Constitution.''

The facts are stipulated and not in dispute. On April 14, 1967, appellant entered into an oral agreement with Mr. Frank Seymour to rent an apartment located at 4408 West 28 Street in Little Rock on a weekly basis at the rate of $22.00 per week. On June 23, 1967, at which time appellant was one week and six days behind in her rent, she was served with a ten day notice to vacate the apartment for nonpayment of rent. On July 20, 1967, some 28 days after service of the notice to vacate, appellant had still not moved and was charged under Ark. Stat. Ann. § 50-523 (1947), which is as follows:

"Any person who shall rent any dwelling house, or other building or any land, situated in the State of Arkansas, and who shall refuse or fail to pay the rent therefor, when due, according to contract, shall at once forfeit all right to longer occupy said dwelling house or other building or land. And if, after ten [10] days notice in writing shall have been given by the landlord, his agent or attorney, to said tenant, to vacate said dwelling house or other building or land, said tenant shall wilfully refuse to vacate and surrender the possession of said premises to said landlord, his agent or attorney, said tenant shall be guilty of a misdemeanor and upon conviction thereof before any justice of the peace, or other court of competent jurisdiction, in the County where said premises are situated, shall be fined in any sum not less than one dollar [$1.00], nor more than twenty-five dollars [$25.00] for each of-

fense, and each day said tenant shall wilfully and unnecessarily hold said dwelling house or other building or land after the expiration of notice to vacate, shall constitute a separate offense.''

We cannot agree with appellant that § 50-523, supra, is unconstitutional. Its provisions have been the law in this state since 1901 and its constitutionality has never been judicially questioned. The courts may not review the wisdom, discretion, or expediency of the legislature in the exercise of the powers it possesses, *Berry* v. *Gordon*, 237 Ark. 547, 376 S. W. 2d 279; *Dabbs* v. *State*, 39 Ark. 353, and a statute will not be struck down by the courts unless it is obviously unconstitutional. All reasonable doubt must be resolved in favor of such constitutionality, there being a presumption in favor of validity. *Berry* v. *Gordon*, supra; *McEachin* v. *Martin*, 193 Ark. 787, 102 S. W. 2d 864. Furthermore, a statute effective over a long period of time, with its validity being unquestioned by bench or bar, although not conclusive, is highly persuasive of the validity of such statute. *McEachin* v. *Martin*, supra; 16 C. J. S., Constitutional Law § 99, p. 443.

It seems clear to us that § 50-523, supra, was enacted as a valid exercise of the police power of this state. The right of an individual to acquire and possess and protect property is inherent and inalienable and declared higher than any constitutional sanction in Arkansas, *Young* v. *Gurdon*, 169 Ark. 399, 275 S. W. 890, and the public health, safety and welfare is always threatened when a person wrongfully trespasses upon another person's property in Arkansas. Especially is this true when the trespasser persists in the trespass and defies the owner's right to possession. Whether such trespass may become a matter of regulation through the police power depends upon the exercise of that power bearing a real and substantial relationship to an end which promotes or protects the public health, safety or welfare.

In the case at bar appellant's right to possession of

the property terminated upon the expiration of the week for which she had it rented. Appellant claims no title or right in the property and claims no right to retain its possession. She does not base her continued possession upon any claim of right whatever, except a right to force the owner to the expense of bond, attorney's fee, and irrecoverable court costs in civil litigation. The option in pursuing a civil remedy lies with the property owner and any defense available to appellant in a civil action is still available under the penal code. Section 50-523, supra, by its provisions, relates only to one who "shall refuse or fail to pay the rent therefor, when due, according to contract" *and after ten days notice to vacate, "shall wilfully refuse" to do so.* Thus limited in its scope, § 50-523 relates only to one who has become a trespasser on property as a result of giving up all legal rights to its possession and after ten days notice wilfully refusing to remove therefrom with the necessary criminal intent to deprive the rightful owner of his property.

No one can seriously argue that wrongful trespass does not come within the police power of the state, and the use of the police power to prevent such wrongful acts which disrupt the well-being, peace, happiness, and prosperity of people, surely bears a real and substantial relationship to an end which promotes the public health, safety and welfare. The use of police power in dealing with unlawful trespass is not so unreasonable as to amount to a violation of substantive due process, and ten days notice to vacate premises one holds wrongfully is more than liberal in keeping with our standards of procedural due process.

We cannot say that § 50-523 is unconstitutional as an invalid exercise of the police power of this state or that it deprives appellant of her right of due process. Therefore, the judgment of the trial court is affirmed.