## Mary WILLIAMS *v.* CITY OF PINE BLUFF

CR 84-106                                           683 S.W.2d 923

Supreme Court of Arkansas
Opinion delivered February 11, 1985
[Rehearing denied March 18, 1985.]

*Bill Rahn* and *William Luppen* of *Central Arkansas Legal Services,* for appellant.

*Steve Clark,* Att'y. Gen., by: *Jack Gillean,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The trial court convicted appellant of criminal trespass pursuant to Ark. Stat. Ann. § 41-2004 (Repl. 1977). We reach only the first point argued for

reversal because we hold that it was not the intent of the legislature to treat an ordinary landlord-tenant relationship within the framework of Ark. Stat. Ann. § 41-2004. Therefore, we must reverse and dismiss this conviction.

Appellant was a monthly renter of residential property in Pine Bluff, Arkansas. She failed to pay her rent for February, 1984, and the owner gave her a three day notice to vacate. The written notice was served on February 14, 1984. The only reason for the notice was appellant's failure to timely pay her rent. On February 24, 1984, the city of Pine Bluff issued a criminal trespass charge pursuant to Ark. Stat. Ann. § 41-2004. She pled not guilty and defended only upon the grounds that the statute was inapplicable to her as a tenant. She was convicted and fined in municipal court and on appeal convicted and fined in the Circuit Court of Jefferson County.

There is no dispute of the fact that the appellant failed to timely pay her rent. We are faced squarely with the question of whether the criminal trespass statute or the unlawful detainer statute applies to the facts of this case. We consider three statute in reaching our decision. Arkansas Stat. Ann. § 50-523 (Repl. 1971) relates to failure to pay rent. Under this statute when a tenant fails to pay the rent when due, receives a written 10-day notice to vacate, and willfully refuses to vacate within ten days, he is guilty of a misdemeanor and may be fined from $1.00 to $25.00 for each day he refused to vacate. There was no attempt to comply with this staute.

The second statute we consider is Ark. Stat. Ann. § 34-1504 (Supp. 1983). This is the holdover of unlawful detainer statute as updated by Act 615 of 1981. It provides that any person who willfully and without right holds over for three days after having received a written notice to quit is guilty of unlawful detainer. Act 615 clearly spells out the procedure to be used in Circuit Court to remove a tenant who is a holdover and fails to vacate within three days after the notice. Only the first requirement of this Act was met.

The third and final statute we must consider is Ark.

Stat. Ann. § 41-2004 (1) (Repl. 1977). That statute is contained in Chapter 20 of the Criminal Code, which is entitled "Burglary and other Criminal Intrusion." The title of the statute is "Criminal Trespass." While the compiler's words and arrangement of the statutes are not part of the law, we note that this statute is codified in the criminal section while the two previously mentioned statutes are not. Arkansas Stat. Ann. § 41-2004 (1) states: "A person commits criminal trespass if he purposely enters or remains unlawfully in or upon a vehicle or the premises of another person."

It is not necessary that the words of a statute be ambiguous in order to construe it. Courts consider ambiguity to exist when two or more statutes have been enacted on the same subject and each statute's clear wording seems to indicate inconsistent results. *Carter* v. *Bush,* 283 Ark. 16, 669 S.W.2d 902 (1984). In construing a statute it is our duty to ascertain and give effect to the intent of the legislature. *Berry* v. *Gordon,* 237 Ark. 547, 376 S.W.2d 279 (1964).

The state relies upon the case of *Poole* v. *State,* 244 Ark. 1222, 428 S.W.2d 628 (1968) wherein we construed Ark. Stat. Ann. § 50-523. However, the proceedings in this case, except for the three day notice, were pursuant to Ark. Stat. Ann. § 41-2004. The federal courts considered Ark. Stat. Ann. § 50-523 in the case of *Munson* v. *Gilliam,* 543 F.2d 48 (8th Cir. 1976) wherein holdover renters obtained a preliminary injunction preventing the prosecuting attorney from seeking convictions against holdover renters. The Court of Appeals reversed on the grounds that the mere prospect of facing criminal charges was not per se irreparable injury and further that there was no indication that the constitutional rights of tenants would not be protected in the state courts. In *Munson,* Ark. Stat. Ann. § 41-2004 was not discussed. Therefore neither *Poole* nor *Munson* is apposite in the present case.

No case has been cited nor have we found an appellate case where a holdover tenant has been convicted of criminal trespass. This court held in *Grays* v. *State,* 264 Ark. 564, 572 S.W.2d 847 (1978) that criminal trespass is a lesser included offense in the crime of burglary. There is no doubt but that

this court has previously considered the criminal trespass statute to require an illegal entry and such entry to constitute the criminal offense. *Grays* v. *State,* supra; commentary to Ark. Stat. Ann. § 41-2004. On the other hand we have treated Ark. Stat. Ann. §§ 50-523 and 34-1504 as the correct statutes in the holdover tenant situation. Both statutes deal with individuals who fail to pay rent. Neither statute mentions criminal trespass, and Ark. Stat. Ann. § 41-2004 does not mention or refer to landlords or tenants. Thus, it is apparent the legislature has historically treated the two types of illegal occupancy in different ways. In determining the intent of the legislature the reason and spirit take precedence over the letter of the law, especially in cases where strict adherence to the letter would result in absurdity or injustice or would defeat the plain purpose of the law. *Carter* v. *Bush,* supra; *Berry* v. *Gordon,* supra.

The General Assembly clarified and updated the unlawful detainer statute by Act 615 of 1981. There can be no doubt but that the legislature was aware of the two different types of illegal entry or occupancy of property. The landlord-tenant statutes have been in force in almost the same words since 1875. The fact that a long standing statute has gone unchallenged is persuasive of its validity. *Poole* v. *State,* supra. It is obviously the intent of the legislature that the criminal trespass statute does not apply in landlord cases.

A general law does not usually apply when a specific one governs the subject matter. *Thomas* v. *Easley,* 277 Ark. 222, 640 S.W.2d 797 (1982). Arkansas Stat. Ann. § 41-2004 is clearly general and Ark. Stat. Ann. §§ 50-523 and 34-1504 are specific. The latter statute is both older and newer than the former, as the 1875 version was amended in 1981. For the foregoing reasons we hold that the conviction of appellant should be reversed and dismissed.

Reversed and dismissed.

DUDLEY and NEWBERN, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. The language

of the statute at issue is clear and certain. It is as follows: *"A person commits criminal trespass if he* purposefully enters or *remains unlawfully in or upon a vehicle or the premises of another person."* Ark. Stat. Ann. § 41-2004(1) (Repl. 1977). In the case at bar, the appellant *remained unlawfully* upon the premises of another person.

The majority, in adopting the argument of the appellant, bases its opinion on the notion that the statute requires an unlawful entry. The concept is without foundation. The statute, quoted in full above, does not mandate an unlawful entry; it is applicable either when one unlawfully enters or when one remains unlawfully. After the appellant refused to pay rent and was given written notice to leave, she remained unlawfully. The clear and certain language of the statute was violated.

The majority quote *Carter* v. *Bush,* 283 Ark. 16, 669 S.W.2d 902 (June 11, 1984), as stating that when two statutes are enacted on the same subject but are inconsistent, we seek to ascertain the true intent of the legislature. The citation is inappropriate for two reasons. First, the language is no longer in the opinion. See substituted opinion, *Carter* v. *Bush,* 283 Ark. 16, 677 S.W.2d 837 (1984). Second, the criminal trespass statute at issue in this case and the unlawful detainer statute are not inconsistent. The criminal trespass statute merely provides a criminal remedy for unlawfully remaining, while the unlawful detainer statute provides a civil one. These are clearly alternative remedies, not inconsistent ones. If they were inconsistent, most of our criminal statutes would be invalid because an alternative civil remedy is nearly always available.

I dissent.

NEWBERN, J., joins in this dissent.