Ellis POLK *v.* STATE of Arkansas

CA CR 88-187                                772 S.W.2d 368

Court of Appeals of Arkansas
En Banc
Opinion delivered June 28, 1989

*Dan J. Kroha*, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. On April 15, 1988, the appellant was found guilty in a nonjury trial of Failure To Vacate in violation of Ark. Stat. Ann. § 50-523 (Repl. 1971) [now Ark. Code Ann. § 18-16-101 (1987)] and was fined the sum of $300.00.

The court made specific findings of fact, which are supported by substantial evidence, as follows:

> Defendant was charged with violation of Ark. Stat. Sec. 50-523 (failure to vacate) as a result of an Affidavit For Warrant Of Arrest filed by Martha J. Garrich.

> On March 26, 1987, the affiant, Martha J. Garrich, acquired ownership of subject property by Warranty Deed from her parents, Vernon A. Fisher and Eunice E. Fisher. The deed was recorded in Deed Book 468 at page 765 of the records of White County (S-1).

> At the time the deed was executed, the Fishers were living on and had possession of the premises, and continued to occupy the premises until on or about October 5, 1987, several months after execution of the deed.

> On October 5, 1987, the defendant entered into a written Lease Agreement with Eunice Fisher as Lessor (DX-1). The Agreement contained no term specified, and provided for the payment of no rent, in consideration of defendant occupying and maintaining the premises.

> At the time the Lease Agreement was executed (October 5), the Affiant, who is also the daughter of the Fishers, was in the hospital, and was not aware that her parents had vacated the property or that defendant was in possession until October 22, 1987.

> On October 22, Mrs. Garrich went to the property and confronted defendant, demanding that he vacate her

property or begin paying rent to her.

Mrs. Garrich showed defendant her Warranty Deed, which at that time did not have the Clerk's Certificate of Record attached but did reflect in the upper right hand corner the Book and page where the deed was recorded, and also reflected the date on which the deed was executed.

Defendant refused to discuss Affiant's claim or to offer to pay rent to Affiant, relying upon his Lease Agreement with Mrs. Fisher.

Mrs. Garrich then caused a 10-day Notice To Vacate to be prepared, which was duly served upon defendant on October 26, 1987, but defendant continued to occupy the premises.

On November 12, 1987, Mrs. Garrich executed an Affidavit For Warrant Of Arrest of defendant for failure to vacate the premises, which resulted in the issuance of a Warrant Of Arrest and which resulted in defendant's arrest on November 24.

Defendant continued to occupy the premises until December 26, 1987, and Mrs. Garrich now has possession of the property.

Since defendant remained in possession of the property for (2) months after the Notice To Vacate was served, the Court finds defendant guilty of the offense of failure to vacate.

On appeal, the appellant argues that the evidence is insufficient to sustain his conviction. Ark. Stat. Ann. § 50-523, *supra*, provides in pertinent part as follows:

Any person who shall rent any dwelling house, or other building or any land, situated in the State of Arkansas, and who shall refuse or fail to pay the rent therefor, when due, according to contract, shall at once forfeit all right to longer occupy said dwelling house or other building or land. And if, after ten (10) days' notice in writing shall have been given by the landlord, his agent or attorney, to said tenant to vacate said dwelling house or other building or land, said tenant shall wilfully refuse to

> vacate and surrender the possession of said premises to said landlord, his agent or attorney, said tenant shall be guilty of misdemeanor . . . .

Appellant argues that under the statute no violation occurs until one "shall refuse or fail to pay the rent . . . according to contract." We do not agree.

In *Poole v. State*, 244 Ark. 1222, 428 S.W.2d 628 (1968), the court said:

> In the case at bar appellant's right to possession of the property terminated upon the expiration of the week for which she had it rented. Appellant claims no title or right in the property and claims no right to retain its possession. She does not base her continued possession upon any claim of right whatever, except a right to force the owner to the expense of bond, attorney's fee, and irrecoverable court costs in civil litigation. The option in pursuing a civil remedy lies with the property owner and any defense available to appellant in a civil action is still available under the penal code. Section 50-523, supra, by its provisions, relates only to one who "shall refuse to or fail to pay the rent therefor, when due, according to contract" *and after ten days notice to vacate, "shall wilfully refuse" to do so*. Thus limited in its scope, § 50-523 relates only to one who has become a trespasser on property as a result of giving up all legal rights to its possession and after ten days notice wilfully refusing to remove therefrom with the necessary criminal intent to deprive the rightful owner of his property. [Emphasis in the original.]

244 Ark. at 1225-26.

It is, therefore, clear that the appellant in the case at bar was guilty of violating Ark. Stat. Ann. § 50-523 because the agreement he made with Mrs. Fisher contained no term, and when Mrs. Garrich confronted appellant, showed him her deed, and demanded he vacate or pay rent to her, he did neither. The appellant agrees that a tenancy at will, in the absence of a statute to the contrary, may be terminated on reasonable notice. 51C C.J.S. *Landlord and Tenant* § 173(b) at 481 (1968). The appellant was served with a notice to vacate on October 26, 1987.

We think 30 days thereafter constituted a reasonable period in which to vacate but he failed to do so for another 30 days. Therefore, we think he became a trespasser at the end of 30 days after his notice to vacate. Moreover, Ark. Code Ann. § 18-16-203(c) (1987) [formerly Ark. Stat. Ann. § 50-513 (Repl. 1971)] provides that where lands or tenements are held by one without special agreement for rent the owner may recover a fair and reasonable compensation for the use and occupation. Thus, we think the obligation of appellant to pay rent was implied.

■ In addition to *Poole* v. *State*, *supra*, we think the case of *Williams* v. *City of Pine Bluff*, 284 Ark. 551, 683 S.W.2d 923 (1985), supports appellant's conviction. In that case, the appellant was convicted of criminal trespass under Ark. Stat. Ann. § 41-2004 (Repl. 1977) [now Ark. Code Ann. § 5-39-203 (1987)]. The court held that this statute was not applicable to an ordinary landlord-tenant relationship.

> No case has been cited nor have we found an appellate case where a holdover tenant has been convicted of criminal trespass. This court held in *Grays* v. *State*, 264 Ark. 564, 572 S.W.2d 847 (1978) that criminal trespass is a lesser included offense in the crime of burglary. There is no doubt but that this court has previously considered the criminal trespass statute to require an illegal entry and such entry to constitute the criminal offense. *Grays* v. *State*, supra; commentary to Ark. Stat. Ann. § 41-2004. On the other hand we have treated Ark.Stat. Ann. §§ 50-523 and 34-1504 [Supp. 1985] as the correct statutes in the holdover tenant situation. Both statutes deal with individuals who fail to pay rent.

284 Ark. at 554-55. Thus, it can be seen that the court in *Williams* thought that Ark. Stat. Ann. § 50-523 (which the appellant in the present case was convicted of violating) was a correct statute to use in the holdover tenant situation.

Affirmed.

JENNINGS and ROGERS, JJ., dissent.

JOHN E. JENNINGS, Judge, dissenting. The majority accurately sets out the facts of this case by incorporating the trial court's specific findings. Furthermore, it is clear that the trial

court's findings are supported by the evidence. The problem is that under the facts of the case at bar the appellant cannot be said to have violated Ark. Stat. Ann. § 50-523 (Repl. 1971). In *Poole* v. *State*, cited by the majority, the supreme court said:

> Section 50-523, supra, by its provisions, relates only to one who "*shall refuse or fail to pay the rent therefor, when due, according to contract*" and after ten days notice to vacate, "shall wilfully refuse" to do so. [Emphasis mine.]

244 Ark. at 1226; 428 S.W.2d at 630.

The court was undoubtedly correct, because this is what the statute says. The appellant was no doubt wrong in relying on his lease with Mrs. Fisher, rather than believing Mrs. Garrich's claim, and this course of action may well have subjected him to civil liability. He has no criminal liability, however, under Ark. Stat. Ann. § 50-523. He did not "refuse or fail to pay the rent therefor, *when due, according to contract.*" Under his contract with Mrs. Fisher no rent was due. He had no contract with Mrs. Garrich.

Penal laws are strictly construed, and all doubts in construing a criminal statute must be resolved in favor of the defendant. *Lawson* v. *State*, 295 Ark. 37, 746 S.W.2d 544 (1988). If the language of such provisions is not clear and positive, or if it is reasonably open to different interpretations, every doubt as to construction must be resolved in favor of the one against whom the enactment is sought to be applied. *Wilcox* v. *Safley Construction Co.*, 298 Ark. 159, 766 S.W.2d 12 (1989). *See also Gober* v. *State*, 22 Ark. App. 121, 736 S.W.2d 18 (1987).

While it would seem, at first blush, that under the facts of the case at bar the appellant might have been charged with criminal trespass under Ark. Code Ann. § 5-39-203 (1987) (formerly Ark. Stat. Ann. § 41-2004 (Repl. 1977)), I agree with the majority that a conviction under this statute was probably foreclosed by the supreme court's decision in *Williams* v. *City of Pine Bluff*, 284 Ark. 551, 683 S.W.2d 923 (1985). I cannot, however, understand how this lends support to the majority's decision. Even if Ark. Stat. Ann. § 50-523 is the only statute under which the appellant might be prosecuted, we must still ask whether his conduct violates that statute.

I respectfully dissent.

ROGERS, J., joins.