887 F.2d 1079
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GRUNDY NATIONAL BANK, Plaintiff-Appellant,
v.
HARMAN INVESTMENTS, INC., a/k/a Dorothy Mae Coal # 17,
Defendant-Appellee.
 No. 88-1310.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 31, 1989.
Decided: Sept. 27, 1989.
 
 Michael Leon Shortridge, for appellant.
 Robert Tayloe Copeland (Copeland, Molinary & Bieger), for appellee.
 Before K.K. HALL, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Grundy National Bank (GNB) appeals from the district court's order affirming a bankruptcy court order conditionally denying GNB's motion pursuant to 11 U.S.C. Sec. 362(d) to lift the automatic stay. The appellee filed a voluntary petition for bankruptcy under Chapter 11 on December 3, 1987. On December 15, 1987, GNB filed a proof of claim under 11 U.S.C. Sec. 501, and on January 5, 1988, it filed a motion for relief from the automatic stay. On January 26, 1988, the bankruptcy court held a hearing on the motion and conditionally denied GNB's motion pending a final hearing. Two conditions were imposed on the debtor: first, that it make adequate protection payments of $1,000 per month to GNB, and second, that it immediately file an adversarial complaint. On appeal, the district court affirmed the bankruptcy court and found that the hearing was a preliminary one pursuant to Sec. 362(e) of the bankruptcy code, that the bankruptcy court implicitly made the necessary findings under Sec. 362(e) by ordering a second hearing, and that it was not necessary to address the fact that a final hearing was not held within 30 days as required by statute because GNB did not assign it as error and the bankruptcy court ordered the adversary proceeding to be filed "immediately."
 
 
 2
 The primary issue on appeal is whether the bankruptcy court order complied with the provisions of 11 U.S.C. Sec. 362(e). Our review of the record reveals that the requirements of Sec. 362(e) were not met. The purpose of Sec. 362(e) is to avert delaying the final ruling on a party's motion to lift the automatic stay. See 2 Collier on Bankruptcy Sec. 362.08 (15th ed.1989). The statute provides that the stay may be continued pending a final hearing if the bankruptcy court finds that there is a reasonable likelihood the debtor will prevail, but the final hearing must be held within 30 days of the preliminary hearing. 11 U.S.C. Sec. 362(e).
 
 
 3
 The specific requirement that the hearing may not be continued without a determination of the likely outcome cannot be ignored. In re Looney, 823 F.2d 788, 792 (4th Cir.1987). An "implied" finding is insufficient. The bankruptcy court must find affirmatively that the debtor is likely to prevail. Id. at 793; Grundy National Bank v. Rife, 876 F.2d 361, 365 (4th Cir.1989) See also Prudential Ins. Co. of America v. Ryan Place Joint Venture, 93 Bankr. 471, 472-73 (N.D.Tex.1988); In re Northwest Aggregated Const. Co., Inc., 72 Bankr. 317 (N.D.Ill.1987). Our review of the transcript of the hearing and the bankruptcy court's order fails to reveal any comment concerning the likely outcome of the hearing. As the stay was not properly continued under Sec. 362(e) it automatically lifted 30 days after GNB's motion was filed. Id.; 2 Collier on Bankruptcy Sec. 362.08 at 362-67.
 
 
 4
 It is important to note that even if the bankruptcy court had properly found the debtor was likely to prevail, the stay would have automatically lifted 30 days after the preliminary hearing was held. In its brief on appeal to the district court, the debtor admitted it failed to file an adversarial complaint and seek a timely hearing. The stay lifts by operation of law when the debtor fails to seek a final hearing within the 30-day limit imposed by 11 U.S.C. Sec. 362(e). In re Looney, 823 F.2d at 792; In re River Hills Apartment Fund, 813 F.2d 702, 707 (5th Cir.1987); Prudential Insurance v. Ryan Place, 93 Bankr. at 472.
 
 
 5
 For the foregoing reasons we reverse the order of the district court. As the stay has lifted by operation of law, GNB is free to foreclose on the property in accordance with state law.[1] We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 REVERSED.
 
 
 
 [1]
 Whether GNB's security interest was perfected must be determined under state law and so is best left for the state courts to decide should any party protest the foreclosure proceedings