Ms. Debbie Hopkins, Chair Child Care Facility Review Board P.O. Box 1437, Slot 626 Little Rock, Arkansas 72201
Dear Ms. Hopkins:
This opinion is being issued in response to your recent question regarding the appropriate interpretation of A.C.A. § 20-78-604(b).
As you note in your correspondence, that statutory section prohibits persons who have a record of certain child-abuse crimes, and who can show no evidence of rehabilitation, from being eligible to own, operate, or be employed at a child care facility. However, the statute does make allowance for eligibility after rehabilitation, stating:
 (b) Any person pleading guilty or nolo contendere or found guilty of any of the offenses listed in subsection (a) of this section who can demonstrate rehabilitation, where more than five (5) years have passed since the person was released from confinement, probation, or parole, may appear before the Child Care Facility Review Board to present his case that he is qualified to be a child care facility owner, operator, or employee. The board is authorized to determine when a petitioner has been rehabilitated sufficiently to be a child care facility owner, operator, or employee.
A.C.A. § 20-78-604(b).
You indicate that an individual recently applied to the Child Care Facility Review Board, under the authority of the above-quoted statute, seeking the Board's determination of her eligibility. The individual had been released from incarceration in 1989, but was not released from parole until 1993. She based her case for eligibility on the theory that because the statute uses the word "or," it means that the five years begin to run either at the time of release from incarceration, or at the time of release from parole, or at the time of release from probation.
In light of these facts, you have presented the following question:
 Under the provisions of A.C.A. § 20-78-604(b), do the five years begin to run at the time of any of the events listed therein (release from confinement, release from probation, release from parole) as the Board or the applicant may choose, or do the five years begin to run at the time of the latest of those listed events?
It is my opinion that under the provisions of A.C.A. § 20-78-604(b), the five years begin to run at the time of the latest of the listed events.
My conclusion regarding this matter is based upon one of the Arkansas Supreme Court's controlling principles of statutory interpretation. More specifically, the court has held many times that the primary goal of legislative interpretation is to determine the legislative intent that gave rise to the statute and to give effect to that intent. See, e.g.,Ark. Dept. of Health v. Westark Christian Action Council, 322 Ark. 440,910 S.W.2d 199 (1995); McCoy v. Walker, 317 Ark. 86, 876 S.W.2d 252
(1994); Roy v. Farmers Merchants Ins. Co., 307 Ark. 213, 819 S.W.2d 2
(1991); Williams v. City of Pine Bluff, 284 Ark. 551, 683 S.W.2d 923
(1985).
The code chapter in which the above-quoted five-year provision appears requires that the backgrounds and records (both criminal and non-criminal records) of applicants for licenses to own and operate child care facilities be checked. The backgrounds and records of prospective employees of these facilities must also be checked, if these employees propose to work with children. These statutes authorize the Child Care Facility Review Board to deny a license to any applicant who has a record (not even necessarily a criminal record) of child maltreatment, or who employs persons who have records of child maltreatment. See A.C.A. §§20-78-601 and -604. The obvious purpose of this set of statutes is to protect children from potential child abusers, by requiring that former abusers rehabilitate before returning to work with children. As explained more fully below, this purpose would not be served optimally if the section in question were interpreted so as to allow the five years to begin to run at the time of the occurrence of any of the listed events. Indeed, such an interpretation could have the effect of frustrating the purpose of the statutes.
Under an interpretation of the statute that allows the five years to begin to run at the time of any of the listed events, some persons who would have a greater potential for child maltreatment could conceivably be declared eligible sooner than others with less potential for child maltreatment. For example, imagine that two persons are convicted on the same date of the crime of Endangering the Welfare of a Minor in the first degree, a Class D felony that carries a penalty of imprisonment for up to six years. See A.C.A. § 5-27-203 and A.C.A. § 5-4-401(a)(5). In determining the appropriate sentences for the two persons, the court, upon the basis of the evidence presented, deems one of the two persons to be a danger to the community, and therefore sentences that person to the full six-year term of imprisonment. At the same time, the court, upon the basis of the evidence presented, considers the other person to pose a minimal danger to the community, and thus imposes a sentence of probation only. Under the provisions of A.C.A. § 5-4-306, the court requires that the probation last for six years.
In this scenario, the person who was sentenced to imprisonment for six years could, pursuant to the provisions of A.C.A. §§ 16-93-608 and -1301, be released from imprisonment after having served only two years. If that person's five-year waiting period under A.C.A. § 20-78-604 began to run at the time of release from imprisonment, he or she could become eligible to own, operate, or work at a child care facility four years before the person who was sentenced to probation only — even though the person who was sentenced to imprisonment was deemed to be a greater danger to the community than the other.
Such a scenario illustrates that this choice-based interpretation of the five-year provision would actually thwart the purpose of the provision.
In contrast, an interpretation of the five-year provision under which the five years begin to run at the time of the occurrence of the latest of the listed events would amply serve the purpose of the statute. That is, such an interpretation would assure that those who pose the greatest danger to children will be required to rehabilitate for the longest period of time before being allowed to work with children again.
I therefore conclude that A.C.A. § 20-78-604 should be interpreted so as to require that the five years begin to run at the time of the occurrence of the latest of the events listed therein.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh