# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 05-6060 EA

---

In re:                                  *

Rosemarie Ziemski,                      *
                                        *
        Debtor.                         *
                                        *
Rosemarie Ziemski,                      *       Appeal from the United States
                                        *       Bankruptcy Court for the
        Plaintiff - Appellee,           *       Eastern District of Arkansas
                                        *
        v.                              *
                                        *
Valerian Joseph Ziemski,                *
                                        *
        Defendant - Appellant.          *

---

Submitted: February 21, 2006
Filed: March 10, 2006

---

Before KRESSEL, Chief Judge, SCHERMER and MAHONEY, Bankruptcy
Judges

SCHERMER, Bankruptcy Judge

Valerian J. Ziemski appeals the bankruptcy court's order determining that his post-petition receipt of certain military retirement benefits pursuant to a pre-petition state court order was in violation of the automatic stay of 11 U.S.C. § 362; requiring

Mr. Ziemski to turn over such military retirement benefits to the Trustee of Rosemarie Ziemski's bankruptcy estate; determining that Mr. Ziemski's violation of the automatic stay was willful; directing Mr. Ziemski to pay Ms. Ziemski's attorneys' fees and costs; and redirecting payment of such benefits from Mr. Ziemski to Ms. Ziemski. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we reverse.

## ISSUE

Mr. Ziemski identifies several issues in his brief: (1) whether the bankruptcy court correctly interpreted and applied state law when ordering the turnover of the military retirement benefits as property of Ms. Ziemski's bankruptcy estate; (2) whether the bankruptcy court correctly overruled a contempt order issued by a state court; (3) whether the bankruptcy court erred in ordering the turnover of the military retirement benefits; (4) whether the bankruptcy court erred in finding a willful violation of the automatic stay; and (5) whether the bankruptcy court erred in awarding attorneys' fees and costs to Ms. Ziemski. We conclude that the military retirement benefits were not property of Ms. Ziemski's bankruptcy estate. To the extent the balance of the order was based on that conclusion, the entire order must be reversed.

## BACKGROUND

Mr. and Ms. Ziemski were divorced in 2001. As part of the divorce decree, the Chancery Court of Pulaski County, Arkansas ("State Court") awarded Ms. Ziemski forty percent of Mr. Ziemski's military retirement benefits. The State Court entered a Qualified Domestic Relations Order directing that forty percent of such retirement benefits be paid to Ms. Ziemski.

On November 3, 2004, the State Court entered an order modifying the Ziemskis' original division of property. The State Court required Ms. Ziemski to forfeit her forty percent of Mr. Ziemski's military retirement benefits and redirected the payment thereof to Mr. Ziemski until Mr. Ziemski receives $12,442.22 plus $1,304.74. In addition, the State Court required Ms. Ziemski to forfeit her share of the military retirement benefits each month in an amount equal to the sixty percent cost of Mr. Ziemski's contribution toward Ms. Ziemski's enrollment in the Survivor Benefit Plan.

Ms. Ziemski filed a petition for relief under Chapter 13 of the Bankruptcy Code on November 9, 2004. Mr. Ziemski's retirement benefits were distributed to him in accordance with the November 3, 2004, State Court Order. On July 5, 2005, Ms. Ziemski initiated an adversary proceeding against Mr. Ziemski alleging that his post-petition receipt of the military retirement benefits in accordance with the November 3, 2004, State Court Order violated the automatic stay of 11 U.S.C. § 362. The bankruptcy court determined that Mr. Ziemski's post-petition receipt of military benefits pursuant to the November 3, 2004, State Court Order constituted a willful violation of the automatic stay; directed Mr. Zeimski to turn over to the Chapter 13 Trustee of Ms. Ziemski's estate forty percent of the military retirement benefits he received post-petition; and directed Mr. Ziemski to pay Ms. Ziemski's attorneys' fees and costs. The bankruptcy court also redirected the future payment of forty percent of the military retirement benefits from Mr. Ziemski to Ms. Ziemski. Mr. Ziemski appeals that order.

**STANDARD OF REVIEW**

We review findings of fact for clear error and conclusions of law *de novo*. *Kelly v. Jeter (In re Jeter)*, 257 B.R. 907, 909 (B.A.P. 8ᵗʰ Cir. 2001). The determination as to what constitutes property of the bankruptcy estate is a conclusion of law which we review *de novo*. *Id*.

**DISCUSSION**

Pursuant to 11 U.S.C. § 541(a), the commencement of a bankruptcy case creates an estate which includes all legal and equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541 (a)(1). Property rights are determined by state law. *Nobelman. v. American Savings Bank*, 508 U.S. 324, 329 (1993); *Barnhill v. Johnson*, 503 U.S. 393, 398 (1992); *Butner v. United States*, 440 U.S. 48, 54-55 (1979). As a result of the November 3, 2004, State Court Order, Ms. Ziemski was not entitled to receive any portion of the military retirement benefits when she filed her bankruptcy petition on November 9, 2004. Without any legal right to the military retirement benefits, such benefits did not become property of Ms. Ziemski's bankruptcy estate.

To the extent the military retirement benefits are not property of Ms. Ziemski's bankruptcy estate, no legal basis exists to direct their turn over to the Chapter 13 Trustee. Likewise, Mr. Ziemski did not violate the automatic stay because the stay did not apply to the military retirement benefits. Mr. Ziemski therefore could not have willfully violated the stay. Without a willful violation of the automatic stay, the award of attorneys fees for violation of the automatic stay must be reversed.

## CONCLUSION

The bankruptcy court erred when it determined that Ms. Ziemski had an interest in the military retirement benefits which became property of her bankruptcy estate. The balance of the order was based on that conclusion. The order of the bankruptcy court is accordingly REVERSED.

_____