COLLOTON, Circuit Judge, concurring in the judgment.
I agree that the bankruptcy court’s award of damages should be reversed, but for different reasons. I am reluctant to declare that the Bankruptcy Appellate Panel erred by holding that creditors Eldon and Danny Bugg waived their right to enforce the statutory time limits under 11 U.S.C. § 362(e). As the BAP pointed out, the Buggs did not object to debtor Cyril Gray’s request for a continuance of the hearing required by § 362(e), and then the Buggs moved for a continuance themselves on January 21, 2014 — an act that “flies directly in the face of the argument that the stay had lapsed on January 12.” In re Gray, 519 B.R. 767, 773 (8th Cir. BAP 2014). Despite the Buggs’ present contention that the automatic stay had expired on January 12, they eventually came to an agreement with Gray in February 2014 to modify the automatic stay. Even though Gray did not invoke an affirmative defense of waiver of the time limits- in his pro se pleadings, the BAP had discretion to overlook any litigation waiver by Gray when the Buggs’ waiver of the statutory deadlines was so obvious. Cf. Lufkins v. Leapley, 965 F.2d 1477, 1481 (8th Cir.1992); United States v. Vontsteen, 950 F.2d 1086, 1091 (5th Cir.1992).
In my view, however, the Buggs did not violate the automatic stay because Gray’s residence never became property of the bankruptcy estate. The undisputed evidence showed that before Gray filed his Chapter 13 petition, he had defaulted on the land installment contract involving the residence. As a result, the contract was terminated, and Gray’s interest in the residence was converted to an at-will tenancy. When Gray failed to pay rent pursuant to the parties’ agreement, the Buggs terminated the at-will tenancy, and Gray became a holdover tenant. Thus, under the better view of Arkansas law, the at-will tenancy ended with Gray’s default, and he lost any interest in the residence when he failed to pay rent. The Buggs did not violate the automatic stay by taking possession of the residence, because Gray had no interest protected by the stay. See In re Ziemski, 338 B.R. 802, 804 (8th Cir. BAP 2006); Hosey v. Burgess, 319 Ark. 183, 890 S.W.2d 262, 267 (1995); see also Ark.Code Ann. § 18-16-101; cf. Polk v. State, 28 Ark. App. 282, 772 S.W.2d 368, 369-70 (1989). Because Gray’s interest in the residence was effectively terminated before he filed his bankruptcy petition, he also lost any interest he had in the truck and personal effects by leaving them at the premises. See Ark.Code Ann. § 18-16-108(a).
When the Buggs evicted Gray from the residence in March 2014, they had initiated an unlawful-detainer action, but had not yet acquired a judgment of possession. Whether the Buggs might have violated the Arkansas entry and detainer statutes, however, is a separate matter from whether Gray retained an interest in the property such that the Buggs violated the automatic stay. E.g., Floro v. Parker, 205 So.2d 363, 365 (Fla. 2nd DCA 1967) (explaining that it is “immaterial” in a forcible entry and detainer ease whether the plaintiff had a legal right of possession or not).
For these reasons, I agree that the Buggs did not violate the automatic stay, *645 and I concur in the judgment reversing the bankruptcy court’s award of damages.