# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 98-6003/6005/6006/6007/6008/6009EM

_____

In re:

West Pointe Limited Partnership dba West   *
Pointe Apartments, a Missouri Limited   *
Partnership; Northwest Village Limited   *
Partnership dba Northwest Village Apartments, *
a Missouri Limited Partnership; Grandview   *
Hills Limited Partnership dba Grandview Hills *
Apartments, a Missouri Limited Partnership;   *
Park Ridge Apartments Limited Partnership  *
dba Park Ridge Apartments, a Missouri Limited *
Partnership; Lamplite Limited Partnership dba   *
Springwood Apartments, a Missouri Limited   *
Partnership   *
  *
    Debtors.   *
  *
West Pointe Limited Partnership dba West   *
Pointe Apartments, a Missouri Limited   *
Partnership; Northwest Village Limited   *
Partnership dba Northwest Village Apartments, *
a Missouri Limited Partnership; Grandview   *
Hills Limited Partnership dba Grandview Hills *
Apartments, a Missouri Limited Partnership;   *
Park Ridge Apartments Limited Partnership  *
dba Park Ridge Apartments, a Missouri Limited *
Partnership; Lamplite Limited Partnership dba   *
Springwood Apartments, a Missouri Limited   *
Partnership   *
  *
    Appellants/Cross-Appellees,   *
  *

Appeal from the United States
Bankruptcy Court for the Eastern
District of Missouri

                          -v.-                          *

                                                            *

William Franke; Gannon Management          *
Company of Missouri                                 *

                                                       *

         Appellees/Cross-Appellants,           *

                                                       *

GP19; Prairie Properties, LLC; Susman,     *
Schermer, Rimmel & Shifrin; Cynthia McNeill  *

                                                       *

         Appellees.                                   *

                                                       *

                          _____

                 Submitted: January 23, 1998

                 Filed:   February 4, 1998
                          _____

Before KOGER, Chief Judge, SCOTT, and DREHER, Bankruptcy Judges.

DREHER, Bankruptcy Judge.

        This case comes before the Court on appeal from a decision of the United States Bankruptcy Court for the Eastern District of Missouri valuing the assets and liabilities of the bankruptcy estate of joint Chapter 11 debtors.  The cases were commenced on September 12, 1990, by the filing of five separate voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.  On October 10, 1990, the bankruptcy court ordered that the five bankruptcy cases be jointly administered.  On January 31, 1992, the debtors filed their First Amended Joint Plan of Reorganization.  Immediately following the close of the exclusivity period, on February 11, 1992, creditors William E. Franke and Gannon Management Company of Missouri filed with the bankruptcy court a competing plan of reorganization.  On June 22, 1992, the bankruptcy court confirmed the Gannon/Franke plan, and the debtors appealed to the United States District Court for the Eastern District of Missouri.

                                     2

Upon review of the bankruptcy court's confirmation order, the district court remanded the case to the bankruptcy court for further findings of fact. Specifically, the district court remanded "for the sole purpose of determining at a hearing the value of the estate's assets and its liabilities." The district court opinion concluded, "The District Court retains jurisdiction of this matter and the appeal, but remands for this sole purpose. Upon the Bankruptcy Court's determination of said issue, the Court will render a decision upon this matter." Following the remand, on December 18, 1997, the bankruptcy court issued a Memorandum Order valuing the assets and liabilities of the joint debtors prior to confirmation, from which order the debtors, Gannon Management Company of Missouri, and William E. Franke filed notices of appeal without electing to have the appeal heard by the district court. 28 U.S.C. § 158(c)(1) (1994); L. R. BAP 8th Cir. 8001A.

After considering this matter, we conclude that we lack subject matter jurisdiction to hear this appeal because the district court retained jurisdiction to render a final decision following the further proceedings of the bankruptcy court. See Amrine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997); United States v. Hall, 85 F.3d 367, 368 (8th Cir. 1996). See also United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994) (discussing appellate court's authority to retain jurisdiction over an appeal while remanding to lower court to supplement the record with further findings and conclusions). Accordingly, we hereby dismiss both the appeal and the cross-appeal and direct the clerk to transfer the file to the United States District Court for the Eastern District of Missouri.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT

3