In re Jeffery Stephen WEIHS, Debtor.

Jeffery Stephen Weihs, Plaintiff–Appellee,

v.

Karen Bernice (Weihs) Kenkel,
Defendant–Appellant.

Robert W. Kortus,[1] Appellant.

BAP No. 98–6068SI.

United States Bankruptcy Appellate Panel
of the Eighth Circuit.

Submitted Dec. 30, 1998.

Decided Feb. 1, 1999.

Before KRESSEL, SCHERMER, and DREHER, Bankruptcy Judges.

---

1. The appellants have used various captions for this appeal, but we conclude that the one that we have used is the proper one. The judgment appealed from was entered in an adversary proceeding involving only Weihs and Kenkel, but the notice of appeal was purportedly filed on behalf of both Kenkel and Kortus. While Kortus was a party to a different adversary proceeding, he was not a party to the one from which this appeal originates. This, of course, leaves open the question of his standing to appeal, an issue which we do not address.

KRESSEL, Bankruptcy Judge.

Kenkel and Kortus appeal from an order and judgment entered by the bankruptcy court[2] on July 27, 1998, determining that Weihs's debt to Kenkel was not excepted from his discharge. Because we conclude that jurisdiction over this appeal properly lies with the United States District Court for the Southern District of Iowa, we transfer the appeal to that court.

## BACKGROUND

In its July 27, 1998, order, the bankruptcy court reviewed in detail the rather intricate history that leads us to this appeal. We review here only those matters which bear on our decision.

Kenkel and Weihs were formerly married, but divorced in December of 1994. On April 18, 1995, Weihs filed a petition under chapter 7 of the Bankruptcy Code.

Apparently because of postpetition proceedings in the state court, Weihs filed two adversary proceedings in the bankruptcy court. Adversary proceeding no. 95–95071 named Kenkel as a defendant and sought a determination that Weihs's debt to her, arising from their divorce, would not be excepted from his discharge. Kenkel filed a counterclaim asking the bankruptcy court to determine that the same debts *were* excepted from Weihs's discharge under either 11 U.S.C. § 523(a)(5) or § 523(a)(15). Adversary proceeding no. 95–95072 named both Kenkel and Kortus as defendants and sought to enjoin them from proceeding with actions in state court and also sought to have them held in contempt.

The bankruptcy court held a trial in both adversary proceedings on July 12, 1995, and in an order entered on July 14, 1995, determined that Weihs's debts to Kenkel were dischargeable under both § 523(a)(5) and § 523(a)(15) and determined that sanctions were appropriate against Kortus, but not against Kenkel. The bankruptcy court reserved the entry of an actual order determining those sanctions pending further proceed-ings to determine the appropriate amount of those sanctions.

Kenkel made a motion for a new trial in adversary proceeding no. 95–95071 which the bankruptcy court denied. Kenkel then appealed to the district court.

Subsequent proceedings were held in adversary proceeding no. 95–95072 which ended with the bankruptcy court determining the appropriate amount of sanctions and entering an order awarding sanctions against Kortus. Kortus appealed that order to the district court.

The district court (Longstaff, J.) consolidated the two appeals and, in an order dated February 28, 1996, decided both appeals.

In adversary proceeding no. 95–95072, it affirmed the bankruptcy court's decision awarding sanctions against Kortus.

In adversary proceeding no. 95–95071, the district court agreed that Weihs's debt to Kenkel was not in the nature of alimony, maintenance, or support and, therefore, was not excepted from his discharge pursuant to 11 U.S.C. § 523(a)(5). The district court further determined that Kenkel had made a prima facie case under § 523(a)(15) of showing that Weihs's debt to her was incurred in the course of a divorce or separation and therefore would be excepted from discharge unless Weihs could show that either he was not able to pay such debt or that discharging such debt would result in a benefit to Weihs that outweighed the detrimental consequences to Kenkel. The bankruptcy court had ruled in favor of Weihs on both grounds, thus determining that his debt was not excepted from his discharge. The district court reversed the bankruptcy court's finding that the benefit to Weihs of discharging the debt outweighed the detrimental consequences to Kenkel and thus held that he had not met his burden under § 523(a)(15)(B). However, the district court remanded adversary proceeding no. 95–95071 to the bankruptcy court to reconsider its decision of whether or not Weihs had shown that he lacked the ability to pay the debt.

**2.** The Honorable Lee M. Jackwig, United States Bankruptcy Judge for the Southern District of Iowa.

Both Kenkel and Kortus appealed the district court's decision, but on July 11, 1997, the court of appeals dismissed their appeal for lack of jurisdiction, determining that the district court's order was not a final order. Specifically, the Eighth Circuit held:

Because this remand required 'further factual development [and] other significant judicial activity involving the exercise of considerable discretion,' the district court's decision was not a final order. (Citations omitted.).

*Kenkel v. Weihs,* No. 96–1988 (8th Cir.1997, ·slip op.).

On remand, the bankruptcy court made detailed findings as directed by the district court and reaffirmed its decision that Weihs was unable to pay his debt to Kenkel and a judgment was entered determining Weihs's debt to Kenkel to be dischargeable.

Kortus and Kenkel timely filed a notice of appeal from this judgment. Since none of the parties to the appeal filed an election to have the appeal heard by the district court, the clerk of the bankruptcy court correctly transmitted the appeal to this court. L.R. BAP 8th Cir. 8007A(a).

## DISCUSSION

■ While no one has raised the issue of our jurisdiction, we, like every court, have the duty to examine our own jurisdiction. *Mansfield v. Swan,* 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884). Having conducted such an examination, we conclude that we do not have jurisdiction. Rather, the United States District Court for the Southern District of Iowa properly has jurisdiction over this appeal.

■ We have addressed this issue at least once before. In *West Pointe Ltd. Partnership v. Franke,* 215 B.R. 865 (8th Cir. BAP 1998), the district court had remanded an appeal to the bankruptcy court to make specific findings. After the bankruptcy court performed its duties pursuant to the remand, an appeal was taken to this court. We concluded that the subsequent appeal should have gone back to the district court. Admittedly, the district court in *West Pointe* explicitly retained jurisdiction over the appeal

when it remanded it to the bankruptcy court. In this case, the district court has not explicitly retained jurisdiction, but a review of the procedural posture of this case leads us to conclude that such a retention is implicit in the decision of the district court.

In its February 28, 1996, order, the district court did not finally determine the ultimate issue of whether or not Weihs's debt to Kenkel was excepted from Weihs's discharge. The dischargeability of the debt revolves around three separate statutory provisions: 11 U.S.C. § 523(a)(5), § 523(a)(15)(A), and § 523(a)(15)(B). The district court ruled against Weihs on the first and third sections, but left open its decision on the second, and thus its decision on the ultimate dischargeability of the debt until after the bankruptcy court had made its ruling on remand. The district court's decision did not finally determine the dischargeability of Weihs's debt to Kenkel, a fact which the Eighth Circuit recognized when it dismissed an appeal from the district court's order as interlocutory.

■ We think the clear intent of the district court was that, if either party disagreed with the decision of the bankruptcy court on remand, the appeal would come back to the district court for final resolution and the entry of a final judgment determining whether or not Weihs's debt to Kenkel was excepted from discharge—a decision which would then be appealable to the court of appeals. While the district court did not expressly retain jurisdiction over the appeal, that is not surprising since there was no bankruptcy appellate panel at the time the district court decision was made and the district court could fairly assume that, if there was another appeal, it would come back to the district court. Subsequent events have made the bankruptcy appellate panel available as an alternative appellate forum, but we must be careful not to usurp the jurisdiction of the district court once it is established.

When the district court remanded this matter to the bankruptcy court and instructed it to reconsider its decision under § 523(a)(15)(A), it implicitly retained jurisdiction to make a final decision on the dischargeability of Weihs's debt to Kenkel after

the bankruptcy court performed its duties on remand.

## CONCLUSION

Because we conclude that the district court has jurisdiction over this appeal, we transfer this appeal to the United States District Court for the Southern District of Iowa.