# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 98-3968 & 98-3969

_____

| | | |
|---|---|---|
| Orion Financial Corp. of South Dakota, a South Dakota corporation, | * * * | |
| Plaintiff-Appellee/ Cross-Appellant, | * * | |
| v. | * * * | Appeals from the United States District Court for the District of South Dakota. |
| American Foods Group, Inc., a Delaware corporation, | * * * | |
| Defendant-Appellant/ Cross-Appellee. | * * | |

_____

Submitted: January 3, 2000

Filed: January 13, 2000

_____

Before WOLLMAN, Chief Judge, LAY and BOWMAN, Circuit Judges.

_____

LAY, Circuit Judge.

The agreement at the heart of this dispute provided that Orion Financial Corp. of South Dakota (Orion) would assist American Foods Group, Inc. (American Foods) in procuring financing in the form of grants and loans and, in exchange, Orion would be compensated for its services. The compensation was to be in the form of a base fee plus percentages of the financing obtained during the term of the agreement. These

percentages were known as success fees and the agreement capped the amount recoverable through these fees at $350,000. In October of 1994, Orion sent American Foods a letter invoice requesting payment for services. American Foods paid a portion of the requested payment. The parties then terminated the relationship under the agreement. Subsequently, Orion demanded payment in a sum equal to the amount remaining under the agreement's success fee cap. The parties, however, disputed the amount owing.

Orion brought this suit on June 12, 1995, alleging breach of contract by American Foods and seeking damages in the sum of $255,500 plus interest and collection costs.[1] On July 13, 1995, American Foods filed its answer and a counterclaim alleging it had overpaid Orion by $33,250. On April 2, 1997, Orion moved for summary judgment on the complaint and counterclaim. The district court[2] entered a partial summary judgment on January 12, 1998, granting Orion damages in the sum of $231,318 plus prejudgment interest in the amount of $32,820.81. Due to American Foods' earlier payments and the parties' agreed upon cap on recovery, the partial summary judgment left only $24,182 available to Orion as success fees. Recognizing this, and in order to make the issue immediately appealable, the parties entered into two stipulations. The stipulations provided for an additional money judgment and the entry of final judgment. Specifically, the first stipulation, dated March 1998, addressed the relevant date of a $3 million accommodation and the proper characterization of five capital leases. The second stipulation, dated April 1998, addressed the amount of attorney's fees at stake and whether or not such fees were reasonable. Incorporating the prior partial summary judgment and the stipulations, the district court entered judgment against American Foods on October 22, 1998.

[1]Suit was originally filed in South Dakota state court but was subsequently removed to the United States District Court for the District of South Dakota.

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, presiding.

The parties now disagree as to the meaning of these stipulations and their legal import to this appeal and any subsequent litigation. According to American Foods, the stipulations were intended to operate such that if this court affirmed the district court's ruling on the original partial summary judgment, American Foods would agree to be bound by the stipulations and this matter would be closed. However, if this court overturned those rulings adverse to American Foods, the stipulations would become null and void and the entire matter would be remanded for a full and fair hearing on the merits. Orion disagrees with this interpretation of the stipulations and urges that all legal issues have been decided and that there are no factual disputes remaining.

The parties' briefs best articulate their views on the stipulations. For example, American Foods explicitly concedes that the stipulations were entered into solely to obtain an appeal: "[t]he stipulation of the parties removed this issue [the date of the relevant accommodation] solely for the purpose of allowing the matters decided in the original order to proceed to appeal," American Foods' Corrected Reply Br. at 15, and "[t]he parties' April, 1998 stipulation dealt with this issue [the attorney's fees] only in order to allow this matter to proceed to appeal." Id. at 19. Yet, despite recognizing the existence of the stipulations, American Foods consistently maintains in its briefs that there are material issues of fact outstanding and that all issues, including those stipulated to, should be remanded for a full hearing.

In effect, what the parties attempt to do is to agree upon a judgment for the purposes of appealability and then the parties (at least American Foods) attempt to challenge that judgment on both issues of fact and law that were never raised before the district court. This not only violates the final judgment rule but contravenes the basic principle that one cannot raise issues on appeal that have not been raised before the district court. Although we accept the stipulations in good faith, we nevertheless find that this approach plays fast and loose with the limited appellate resources that we have. We also appreciate that Orion disagrees with American Foods' analysis and argues that the stipulations are final and cannot now be factually or legally attacked on

-3-

appeal. We doubt, however, if counsel for American Foods was so gullible as to enter into such an agreement. More importantly, we cannot read the stipulation with that understanding.

Courts of appeals have jurisdiction over "all <u>final decisions</u> of the district courts." 28 U.S.C. § 1291 (emphasis added). "The finality requirement . . . embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." <u>United States v. Nixon</u>, 418 U.S. 683, 690 (1974). In cases involving multiple claims or parties, Federal Rule of Civil Procedure 54(b) allows a court to enter a final judgment "as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). The sole purpose of a Rule 54(b) order is to provide an opportunity to appeal claims affecting some but not all of the parties or some but not all of the issues. Another avenue to appeal is 28 U.S.C. § 1292(b), which allows a district court to certify an order if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b).

In this case, the parties have not attempted to proceed in accordance with either Rule 54(b) or § 1292(b). As is detailed above and evidenced by the briefs, the parties have a basic disagreement as to the meaning of the stipulations and their effect upon this appeal and subsequent litigation. We feel this case falls within the prohibitive scope of <u>Cheng v. Commissioner Internal Revenue Service</u>, 878 F.2d 306 (9th Cir. 1989). The parties in <u>Cheng</u> entered into a stipulation following entry of a partial summary judgment in order to obtain an appealable final order. The stipulation provided for entry of a final order but noted that Cheng "is not conceding the remaining undecided issues and should a decision be entered in favor of [Cheng] on appeal and the case remanded . . . [he] will, on remand, be permitted to present additional evidence

and arguments . . . ." Id. at 308. The Ninth Circuit held that the order following the stipulation did not conclusively end the litigation on the merits because the stipulation allowed for the resurrection of stipulated claims depending upon the outcome of the initial appeal. Consequently, the court dismissed the appeal for lack of jurisdiction.[3]

In the present case the parties wish to challenge on appeal issues that are still within the lawsuit and, if successful, challenge them again in further litigation. This approach defeats the very purpose of finality and Rule 54(b). Consequently it is clear that the order is not final and that only a partial judgment has been rendered from the previous proceedings. Under the circumstances the court has no alternative other than to dismiss the appeal as lacking finality in the judgment.

The claims and cross-claims are hereby ordered dismissed without prejudice to the parties so that the district court may enter a final judgment on all issues. Finality

---

[3]The Ninth Circuit distinguished Cheng in the case of Horn v. Berdon, Inc. Defined Benefit Pension Plan, 938 F.2d 125 (9th Cir. 1991). In Horn, the parties stipulated to dismiss the defendant's counterclaim without prejudice and the appellate court found jurisdiction. This is similar to our recent case, Great Rivers Cooperative of Southeastern Iowa v. Farmland Indus., Inc., Nos. 98-2527, 98-2528, 1999 WL 1191459 (8th Cir. 1999), in which this court refused to follow Cheng. In Great Rivers, this court held that a dismissal of certain claims without prejudice does not necessarily defeat the rule of finality as to the remaining claims. A close reading of Cheng, however, demonstrates that it is distinguishable from Great Rivers and Horn. In Cheng the court observed: "[a] plaintiff may voluntarily dismiss the remainder of his claim(s) after a partial summary judgment has been entered against him and then appeal the partial summary judgment." Cheng, 878 F.2d at 311. However, the court noted that Cheng had not taken this path and had instead elected to retain his undecided claim and defenses in case of a favorable outcome on appeal.

We feel the present case is most closely aligned with Cheng.

of judgment is required and is a prerequisite under the Federal Rules of Civil Procedure.

Appeal dismissed without prejudice. Each party to pay own costs.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.