# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 99-6050EM

———

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| James J. Dwyer, Jr. and | * | |
| Noel D. Dwyer, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| James J. Dwyer, Jr. and | * | |
| Noel D. Dwyer, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Plaintiffs-Appellees, | * | Eastern District of Missouri |
| | * | |
| v. | * | |
| | * | |
| Kimble A. Cohn and | * | |
| Sherrye L. Cohn, | * | |
| | * | |
| Defendants-Appellees, | * | |
| | * | |
| Heartland Bank, N.A., | * | |
| | * | |
| Defendant-Appellant, | * | |
| | * | |
| John V. Labarge, Jr., | * | |
| | * | |
| Defendant. | * | |

———

Submitted: January 10, 2000
Filed: February 14, 2000

———

Before KRESSEL, SCOTT, and DREHER, Bankruptcy Judges.

———

DREHER, Bankruptcy Judge

The matter presently before the court arises upon the appeal of Heartland Bank, N.A., from the order of the bankruptcy court granting summary judgment in favor of Kimble A. and Sherrye L. Cohn. We previously ordered the parties to brief the issue of this court's jurisdiction in light of the fact that the order appealed from did not dispose of all of the counts contained in the adversary complaint nor a pending cross-claim and, thus, did not appear to constitute a final order. The parties responded that, after the notice of appeal was filed, the remaining two counts of the complaint were dismissed without prejudice. They further agreed that the order granting summary judgment essentially decided the pending cross-claim. Thus, the parties asserted that the order on appeal was, in fact, final. For the reasons stated below, we disagree and dismiss for lack of jurisdiction.

## I. Background

The underlying circumstances giving rise to this appeal originate from a legal dispute between the Debtors, James and Noel Dwyer ("Debtors"), and Kimble and Sherrye Cohn ("Cohns"). On June 14, 1996, a Missouri state court entered judgment in favor of the Cohns and against the Debtors. The judgment was based upon a jury verdict, which found both of the Debtors liable but assessed damages solely against James Dwyer. Thus, the state court entered judgment against James Dwyer in the amount of the jury's assessment and against Noel Dwyer in the amount of $0. Both sides appealed the judgment, and the Missouri Court of Appeals ultimately issued an opinion directing the trial court to enter judgment jointly and severally against both Debtors. On January 6, 1998, while a motion for rehearing was pending, the Cohns filed a notice of lis pendens against the Debtors' residence. The notice provided that "if the opinion of the Court of Appeals becomes final or is affirmed in the Supreme Court, the Circuit Court will enter a judgment against both [Debtors], jointly, consistent with the aforesaid opinion, and the judgment will, under Missouri law, become a lien against all property owned jointly by James J. Dwyer and Noel D. Dwyer in St. Louis County, including [Debtors' residence]."

Meanwhile, Debtors applied to Appellant Heartland Bank ("Appellant") for a $60,000 second mortgage on their residence. The Debtors revealed the following about the dispute with the Cohns in their application for the loan:

> Unsatisfied judgment against James Dwyer in the amount of $291,710.24 in favor of Kimble A. Cohn & Sherrye L. Cohn (July 1996). This judgment results from claims made in connection of a failed real estate project in which Mr. Cohn and Mr. Dwyer were co-general partners. Matter under appeal.

Despite this information, Appellant agreed to go forward with the loan. The Debtors executed the loan documents on January 8, 1998, and Appellant disbursed the proceeds on January 13. Appellant recorded its mortgage on January 15, 1998.

On March 4, 1998, following the denial of both the motion for rehearing and a subsequent motion to transfer the case to the Missouri Supreme Court, the Court of Appeals issued its mandate to the trial court. On the same day, the trial court entered judgment against Noel Dwyer. The judgment stated that it was deemed entered as of June 14, 1996, which was the date of the original judgment. Pursuant to Missouri law, the judgment created a lien in favor of the Cohns on all of the real property of the Debtors, including their residence.

The Debtors filed a petition under Chapter 7 of the Bankruptcy Code on June 2, 1998. Soon thereafter, they commenced an adversary proceeding that, in its first count, sought to determine the validity, priority, and extent of the liens on the Debtors' residence. The priority between the Cohns' judgment lien and the Appellant's mortgage was in dispute due to the timing surrounding the filing of the notice of lis pendens, the recording of the Appellant's lien, and the entry of the judgment. The remaining counts of the complaint sought damages from the Cohns for slander of title and sought to avoid the judgment lien as impairing their homestead exemption. The Cohns filed a cross-claim against the Appellant seeking a declaration that their judgment lien was superior to Appellant's mortgage. The Cohns and Appellant filed cross-motions for summary judgment with respect to the first count of the complaint. The bankruptcy court granted the Cohns' motion for summary judgment, finding that their judgment lien was superior to the mortgage held by Appellant. Following the filing of the present appeal, the remaining counts of the complaint were dismissed without prejudice. The bankruptcy court has never issued an order for entry of judgment nor has the clerk entered judgment pursuant to Federal Rule of Bankruptcy Procedure 9021. The cross-claim, while apparently decided by the motion for summary judgment, remains pending.

## II. Discussion

As with all appellate courts, we have an obligation to examine our own jurisdiction. Weihs v. Kenkel (In re Weihs), 229 B.R. 187, 189 (B.A.P. 8th Cir. 1999). This court has jurisdiction over final judgments, orders, and decrees and, with leave of the court, interlocutory orders and decrees. 28 U.S.C. § 158(a) (1994). To constitute a final order, there must be some clear and unequivocal manifestation by the bankruptcy court of its belief that the decision made, so far as the court is concerned, is the end of the case. Minnesota v. Kalman W. Abrams Metals, Inc., 155 F.3d 1019, 1023 (8th Cir. 1998); Goodwin

3

v. United States, 67 F.3d 149, 151 (8th Cir. 1995).  Federal Rule of Bankruptcy Procedure 9021 requires the clerk to enter judgment in a separate document immediately after the bankruptcy court has reached a decision.  In an adversary proceeding, the judgment entered by the clerk is the document that signals the end of the case.

Federal Rule of Bankruptcy Procedure 7054(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon the express determination that there is no just reason for delay and upon an express direction for the entry of judgment.  In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Bankr. P. 7054(b).  Because this adversary proceeding presented three claims and a cross-claim, the provisions of Rule 7054(b) regarding finality apply.  The majority of circuit courts have ruled that, despite the more lenient standards of finality in bankruptcy, any order granting partial disposition of an adversary proceeding is not final in the absence of strict compliance with Rule 7054(b).  Dzikowski v. Boomer's Sports & Recreation Center, Inc. (In re Boca Arena, Inc.), 184 F.3d 1285, 1286-87 (11th Cir. 1999); Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.), 128 F.3d 449, 452 (6th Cir. 1997); LTV Steel Co. v. United Mine Workers (In re Chateaugay Corp.), 922 F.2d 86, 90 (2d Cir. 1990); Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability, Inc.), 893 F.2d 264, 265-66 (10th Cir. 1990); Committee of Unsecured Creditors v. Interfirst Bank (In re Wood & Lockers, Inc.), 868 F.2d 139, 143 (5th Cir. 1989); Walther v. King City Transit Mix, Inc. (In re King City Transit Mix, Inc.), 738 F.2d 1065, 1066-67 (9th Cir. 1984).  We agree with this position.

We must, therefore, determine whether the bankruptcy court complied with Rule 7054(b).  The Eighth Circuit has held that, "[a]lthough it is somewhat unclear what form the certification under Rule 54(b) should take, both the court's direction and determination must be apparent and there should be no doubt

as to the . . . court's intention to certify. . . . Accordingly, when either element is absent, even if only because of oversight or a failure to appreciate that the case is one that is within Rule 54(b), an appeal should be dismissed." <u>Sargent v. Johnson</u>, 521 F.2d 1260, 1263 n.4 (8th Cir. 1975). In this case, it is apparent from the bankruptcy court's order that it was directing the entry of judgment when it stated, "[J]udgment on Count I of this Complaint is entered in favor of the Cohns and against the Plaintiffs and against the Bank." However, there is no indication from the court that it made a determination as to whether there was any just reason for delay. Therefore, because the bankruptcy court's order did not make the required direction *and* determination under this rule, the clerk could not enter judgment pursuant to Rule 9021, and the order was not final when the notice of appeal was filed.

The parties assert that this procedural problem was cured when the remaining two counts of the complaint were subsequently dismissed. The parties are correct that the dismissal of the remaining counts of a complaint without prejudice may, under certain circumstances, create the requisite finality for appeal. <u>See</u> <u>Great Rivers Coop. v. Farmland Indus., Inc.</u>, 198 F.3d 685, 688-89 (8th Cir. 1999) (finding a judgment that dismissed complaint in its entirety to be final even though the counts that remained after partial summary judgment were dismissed solely to allow the appeal to proceed). In the present appeal, however, the bankruptcy court has never ordered entry of judgment or in any respect indicated that the adversary proceeding had come to an end. The order that comes closest to qualifying as final is the order dismissing Counts II and III of the complaint, but that, too, is insufficient.[1] <u>See</u> <u>Cheng v. Commissioner</u>, 878 F.2d 306, 310 (9th Cir. 1989) ("[A]n order must conclusively terminate the litigation in order to be considered final; an order that *may* terminate the proceeding is insufficient."). Indeed, after Counts II and III of the complaint were dismissed, the bankruptcy court ordered that the proceeding remain open pending a further announcement regarding the status of the cross-claim. Although the parties agree that the cross-claim has

---

[1]Even if this judgment did become final upon the dismissal of the remaining two counts of the complaint, such dismissal did not occur until after the notice of appeal was filed. In general, such a premature notice of appeal bars appellate jurisdiction and cannot be cured absent the filing of another notice of appeal after the judgment becomes final. <u>Cross v. United States Postal Service</u>, 733 F.2d 1327, 1328 n. 1 (8th Cir. 1984); <u>see also</u> <u>Thomas v. Basham</u>, 931 F.2d 521, 523 (8th Cir. 1991). <u>But see</u> <u>Martinez v. Arrow Truck Sales, Inc.</u>, 865 F.2d 160, 161 (8th Cir. 1988) (an appeal can be retroactively validated if the trial court subsequently makes the required certification under Rule 54(b)).

been decided and, from what we can discern from the docket,[2] they are correct, the bankruptcy court has never explicitly decided that claim.[3] Furthermore, the clerk has never entered judgment pursuant to Rule 9021.

Even if the order dismissing the remaining counts was a final order, we are not convinced that the matter is properly before this court. An order issued pursuant to Fed. R. Bankr. P. 7041(a)(2) that dismisses the remaining counts of a complaint, but is accompanied by the intent of the appellant to refile the complaint if the appeal is successful, generally constitutes an abuse of discretion by the trial court. Great Rivers, 198 F.3d at 690.[4] Such an order frustrates the limitations of federal appellate jurisdiction and allows for impermissible piecemeal appeals. Id. at 688, 690. Although there is no direct evidence, the circumstances indicate that the dismissal of the remaining two counts of the complaint served only to pave the way for another appeal. It is likely that the dismissed claims will be reinstated if the appeal is successful, which could lead to further appellate review. We cannot condone the use of a dismissal without prejudice to circumvent the rules regarding interlocutory appeals.

Therefore, we turn to the question of whether to grant leave to file an interlocutory appeal. The decision to grant leave to appeal is purely discretionary. Moix-McNutt v. Coop (In re Moix-McNutt), 215 B.R. 405, 408 n.6 (B.A.P. 8th Cir. 1997). We find no reason, and the parties have provided us with none, why this order cannot be reviewed effectively once the adversary proceeding has been completely terminated. Thus, we will not grant leave to hear this appeal on an interlocutory basis.

_____

[2]It appears that the Appellant filed a motion for summary judgment with respect to the Cohns' cross-claim, to which there was no immediate response. On November 18, 1998, the bankruptcy court issued an order stating that the Cohns' motion for summary judgment on Count I of the complaint would be considered a response to Appellant's motion for summary judgment on the cross-claim. Thus, while the order that is the basis of this appeal refers only to Count I of the complaint, it also had the effect of denying the motion for summary judgment on the cross-claim.

[3]The difficulties we have encountered in determining whether the Appellant has filed an appeal from a final order manifestly demonstrate the importance of obtaining a final judgment prior to filing a notice of appeal.

[4]See also Orion Fin. Corp. v. American Foods Group, Inc., – F.3d –, 2000 WL 31712 (8th Cir. 2000); Cheng v. Commissioner, 878 F.2d 306, 311 (9th Cir. 1989). These two cases hold that the stipulation of a judgment in order to facilitate an otherwise interlocutory appeal, accompanied by the intent to revisit the stipulated issues if successful on appeal, is not a final order.

CONCLUSION

Accordingly, we dismiss this appeal for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT