# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 03-6061NE

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Michael Kirk Strong; | * | |
| Maureena Jean Strong, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| State of Nebraska, ex rel. | * | |
| Michael J. Linder, Director, | * | |
| Nebraska Department of Environmental | * | |
| Quality, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| v. | * | District of Nebraska |
| | * | |
| Michael Kirk Strong, | * | |
| | * | |
| Defendant-Appellant, | * | |
| | * | |
| Maureena Jean Strong, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | * | |

_____

Submitted: February 13, 2004
Filed: February 23, 2004

—————

Before KRESSEL, Chief Judge, SCHERMER, and FEDERMAN, Bankruptcy Judges.

—————

KRESSEL, Chief Judge.

The debtor, Michael Strong, appeals from an order of the bankruptcy court[1] excepting from discharge the debts owed by Strong to the State of Nebraska. We affirm.

## BACKGROUND

On June 13, 2000, debtors Michael and Maureena Strong filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code. The filing was, in part, occasioned by liabilities that Michael Strong incurred as a result of his operation of a tire scrap business. For several years prior to the filing, Strong and his business had been the subject of several suits commenced by the Nebraska Department of Environmental Control seeking enforcement of Nebraska's environmental protection laws. In 1995, Strong and the Department entered into a consent decree in which Strong agreed to comply with all State environmental regulations and to pay the State $5,000, plus an additional fine of $10,000 if he failed to perform.

In March of 1998, after Strong failed to perform as required, the state court entered an order finding Strong in contempt for failing to abide by the 1995 order. The State court enjoined Strong from causing further environmental harm and imposed an additional $10,000 penalty for failure to abide by the injunction. In October of 1998, the Nebraska Department of Environmental Control commenced an administrative proceeding and secured an order in January of 2000, revoking Strong's

---

[1] The Honorable Timothy J. Mahoney, United States Bankruptcy Judge for the District of Nebraska.

scrap tire permit and requiring him to remove all scrap tires, tire-derived products, and residuals from his business site by May 15, 2000. The order imposed a fine of $1,000 per day for each day Strong failed to comply. The Strongs filed bankruptcy shortly thereafter. Michael Strong is no longer in business, and his former business site has not been cleaned up.

On November 11, 2000, the State of Nebraska, through the Nebraska Department of Environmental Control, sued Michael and Maureena Strong in bankruptcy court. The complaint contained three counts. First, the State sought to have the bankruptcy court deny both Strongs a discharge under 11 U.S.C. §§ 727(a)(2), (3), and (4) for concealing assets and making a false oath. Second, the State sought to have Michael Strong's debt to the State excepted from discharge pursuant to 11 U.S.C. § 523(a)(7), on the ground that it consisted of fines and penalties not compensation for actual pecuniary loss. Third, the State sought a ruling that the automatic stay did not apply to the State's attempts to enforce the prior state court orders because it was seeking to exercise its police and regulatory powers.

Prior to trial, the State filed a "Motion for Order of Nondischargeability," which the bankruptcy court treated as a motion for partial summary judgment. During argument, the State indicated that it had not filed a claim for the costs it might incur in cleaning up the site, and argued instead for an order allowing it to continue to enforce the prior state court orders against Michael Strong.[2] In a September 27, 2002 order, the bankruptcy court determined that: (1) partial summary judgment should be granted against Michael Strong only; (2) the automatic stay was not applicable to prevent the State from proceeding against Strong in state court to enforce prior state court orders; (3) the fines and penalties assessed against Strong in state court were

---

[2] The State agreed that Maureena Strong was not a party to any of the state enforcement actions, but insisted that it wanted to continue to pursue the discharge action against both Maureena and Michael Strong.

3

excepted from discharge pursuant to 11 U.S.C. § 523(a)(7), since they were not compensation for pecuniary loss; and (4) the State's assertion that Strong should be denied a discharge of all debts would be denied without prejudice.

On October 7, 2002, Michael Strong made a timely motion for "reconsideration" of the September 27 order, also requesting an extension of time to appeal, and a stay pending appeal. The bankruptcy court granted the motion for stay and to extend the time to file an appeal. On October 30, 2002, the Strongs filed a notice of appeal from the September 27 order. On December 5, 2002, the bankruptcy court vacated the order extending the time to file an appeal as moot, vacated the order granting a stay pending appeal, and denied the motion for reconsideration. On December 16, 2002, Michael Strong appealed the December 5 order.

On June 12, 2003, we dismissed Strong's appeal due to a lack of finality and remanded the case to the bankruptcy court. *Strong v. Nebraska*, 293 B.R. 764 (B.A.P. 8th Cir. 2003). On remand, the parties stipulated to the dismissal of the State's objection to discharge and to dismissal of all claims against Maureena Strong. On September 3, 2003, the bankruptcy court entered an order approving the stipulation. On September 5, 2003, the clerk entered a "Final Order" in which it dismissed Maureena Strong as a defendant, dismissed the objection to discharge, and excepted the state's debt from discharge pursuant to the September 27, 2002 order. We construe the Final Order to be the judgment required by Fed. R. Bankr. P. 7054 and Fed. R. Civ. P. 54. However, there was nothing in the Final Order dealing with Count Three of the plaintiff's complaint (requesting a determination that the automatic stay did not apply to post-petition actions by the State). Strong now appeals from the September 5, 2003 order.[3]

---

[3] While Strong repeatedly states that he is appealing the September 27, 2002 and December 5, 2002 orders, that simply is not the case. The notice of appeal appeals only from the September 5, 2003, Final Order.

4

STANDARD OF REVIEW

We review the bankruptcy court's grant of summary judgment *de novo*. *Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane)*, 124 F.3d 978, 981 (8th Cir. 1997). Findings of fact are reviewed for clear error. *Christians v. Crystal Evangelical Free Church (In re Young)*, 82 F.3d 1407, 1413 (8th Cir. 1996); *Hartford Life and Accident Ins. Co. v. Henricksen (In re Henricksen)*, 227 B.R. 759 (B.A.P. 8th Cir. 2002).

DISCUSSION
FINALITY OF THE "FINAL ORDER"

As with all appellate courts, we have an obligation to examine our own jurisdiction. *Weihs v. Kenkel (In re Weihs)*, 229 B.R. 187, 189 (B.A.P. 8th Cir. 1999). This court has jurisdiction over final judgments, orders, and decrees and, with leave of the court, interlocutory orders and decrees. See 28 U.S.C. § 158(a). To constitute a final order, there must be some clear and unequivocal manifestation by the bankruptcy court of its belief that the decision is made, so far as the court is concerned, is the end of the case. *Minnesota v. Kalman W. Abrams Metals, Inc.*, 155 F.3d 1019, 1023 (8th Cir. 1998).

As a general rule, a final decision is one that disposes of the specific controversy or claim "on the merits and leaves nothing for the court to do but execute the judgment." *Vekco, Inc. v. Federal Land Bank (In re Vekco, Inc.)*, 792 F.2d 744, 745 (8th Cir. 1986) (quoting *TCL Investors v. Brookside Sav. & Loan Ass'n (In re TCL Investors)*, 775 F.2d 1516, 1519 (11th Cir. 1985); *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633-34, 89 L.Ed. 911 (1945)). Thus, a judgment should, ordinarily, dispose of the entire complaint, and in the absence of that, there cannot be a final judgment. *See*, Fed. R. Civ. P. 54(b). The bankruptcy court's Final Order in this case did not address Count Three of the plaintiff's complaint, which dealt with

5

the issue of whether the post-petition acts by the state of Nebraska violated the automatic stay. We, however, overlook that omission because Count Three of the plaintiff's complaint has been rendered moot. The bankruptcy court's entry of the debtor's discharge has terminated the automatic stay. *See* 11 U.S.C. § 362(c). For the same reason, i.e. mootness, we lack jurisdiction to review the bankruptcy court's determination regarding the automatic stay. In addition, the order appealed from does not address the automatic stay count of the complaint, so we cannot either.

## DISCHARGEABILITY OF FINES AND PENALTIES

The only issue properly on appeal is whether the prepetition fines and penalties are dischargeable.[4] Section 523(a)(7) states:

> A discharge under section 727, 1141, 1228(a), 1228(b), or
> 1328(b) of this title does not discharge an individual debtor
> from any debt–
> to the extent such debt is for a fine, penalty, or forfeiture
> payable to and for the benefit of a governmental unit, and
> is not compensation for actual pecuniary loss, other than a
> tax penalty.

For a debt to be considered nondischargeable under this section, the debt must be for the benefit of a government unit and must be penal in nature. *Kelly v. Robinson*, 479 U.S. 36, 51-52, 107 S.Ct. 353, 362 (1986). Although 11 U.S.C. § 523(a)(7) applies to both civil and criminal penalties, in order to qualify for a dischargeability

---

[4] The parties spend a lot of time discussing whether the injunction requiring Strong to clean up his tire site is enforceable, but because this issue was not plead or decided, we do not address it. The only dischargeability issue *decided* by the bankruptcy court in its September 27, 2002 order and incorporated into the Final Order is the one we have framed.

exception under § 523(a)(7), normally the particular penalty must serve some "punitive" or "rehabilitative" governmental aim, rather than a purely compensatory purpose. *Whitehouse v. LaRoche*, 277 F.3d 568, 573 (1st Cir. 2002).

In this case, the fines levied against Strong are clearly punitive in nature and not compensatory. Their purpose is to deter and to punish for his violations of the state statute. Concerning this issue, Nebraska courts have held that "a fine is an appropriate sanction in a civil contempt proceeding so long as the condemner may avoid the fine by complying with the court's order." *See Jessen v. Jessen*, 567 N.W.2d 612, 617 (Neb.Ct.App. 1997) (citing *United Mine Workers v. Bagwell*, 512 U.S. 821 (1994)). In this case, the penalty imposed by the District Court of Dixon County against Strong was not intended to be compensatory because it appears to have been levied solely to encourage Strong to comply with the clean up order, and was subject to reduction if Strong did in fact comply. In addition, the fine or penalty assessed by the district court is a debt payable to and for the benefit of a governmental unit. There is no evidence that it constitutes compensation for actual pecuniary loss. Thus, the bankruptcy court's holding that § 523(a)(7) excepts the pre-petition fine and penalty debts from discharge was correct.

## CONCLUSION

We affirm the order of the bankruptcy court, dated and entered September 5, 2003.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE
PANEL, EIGHTH CIRCUIT.

7