# United States Bankruptcy Appellate Panel
## For the Eighth Circuit

_____

No. 15-6003
_____

In re: Jessica Lynn Robb

*Debtor*

------------------------------

Jessica Lynn Robb

*Debtor - Appellant*

v.

Janice A. Harder

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri - Jefferson City

_____

Submitted:  June 2, 2015
Filed:  July 16, 2015

_____

Before KRESSEL, SALADINO and SHODEEN, Bankruptcy Judges.

_____

KRESSEL, Bankruptcy Judge

The debtor appeals from an order of the bankruptcy court[1] overruling her objection to the chapter 7 trustee's unsecured priority claim filed in her converted chapter 13 case. We dismiss the appeal for lack of jurisdiction.

**BACKGROUND**

On March 6, 2014, Jessica Lynn Robb filed a petition under chapter 7 of the Bankruptcy Code. Janice Harder was appointed the trustee. Following the meeting of creditors, Harder discovered a defect in the deed of trust securing the debt associated with the debtor's home. Once the debtor found out about the defect she quickly made a motion to convert her case to one under chapter 13. The court granted the motion and the case was converted on June 24, 2014.

The model chapter 13 plan for the Western District of Missouri provides for six different treatments of non-priority unsecured creditors, including: 100% dividend, 0% dividend, base plan, liquidation analysis pot, 60-month disposable income pot and 36-month disposable income pot. The plan instructs the debtor to choose one type of treatment. On September 10, 2014, the debtor filed a liquidation analysis pot plan[2].

---

[1] The Honorable Dennis R. Dow, United States Bankruptcy Judge for the Western District of Missouri.

[2] The model plan states that the liquidation analysis pot "shall first be used to satisfy pre-confirmation debtor's attorney's fees being paid from the plan payments and filed and allowed priority claims. Any funds remaining in the LAP after the satisfaction of those claims shall be paid to filed and allowed non-priority unsecured claims. If the LAP is less than or equal to the sum of the pre-confirmation debtor's attorney's fees being paid from the plan payments and the filed and allowed priority claims, the filed and allowed non-priority unsecured claims shall receive zero percent (0%), unless the plan runs short of the applicable commitment period..."

Harder filed a proof of claim in the amount of $450 in the debtor's chapter 13 case. She described her claim as an unsecured priority claim for "time spent by trustee in examining documents regarding avoidance of lien, preparing objection to homestead exemption, and filing objection to conversion to chapter 13 case, and tracking debtors' [sic] conversion to chapter 13." The debtor objected to the claim. She argued that trustee compensation is subject to 11 U.S.C. § 326 and because Harder did not disburse any moneys prior to conversion she was not entitled to payment under the Bankruptcy Code[3].

Following a hearing, the bankruptcy court overruled the objection and allowed the claim holding that § 326(a) is not the only method of compensation for a trustee. According to the bankruptcy court, allowing the claim despite that fact that no money was distributed encourages trustees to be diligent in looking for assets and also discourages debtors from concealing assets. The debtor appeals.

**JURISDICTION**

Though neither party has raised the issue, we have an independent duty to examine our own jurisdiction. *Nebraska v. Strong (In re Strong)*, 305 B.R. 292, 295 (B.A.P. 8th Cir. 2004) (*citing Weihs v. Kenkel (In re Weihs)*, 229 B.R. 187, 189 (B.A.P. 8th Cir. 1999)).

---

[3] Section 326(a) provides, "[i]n a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such service, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims."

Appellate standing in a bankruptcy appeal is narrower than Article III standing or ordinary prudential standing. *Sears v. Badami (In re AFY)*, 734 F.3d 810, 819-20 (8th Cir. 2013). The appellant has the burden to make an independent showing that he or she is aggrieved by the challenged order. *See LaBarge v. Brenda (In re Merrifield)*, 214 B.R. 362, 365 (B.A.P. 8th Cir. 1997). The person aggrieved doctrine limits standing "'to persons with a financial stake in the bankruptcy court's order,' meaning they were 'directly and adversely affected pecuniarily by the order.'" *In re AFY* at 819 (*quoting Williams v. Marlar (In re Marlar)*, 252 B.R. 743, 748 (B.A.P. 8th Cir. 2000)). A party is a person aggrieved if an order "diminishes their property, increases their burdens, or impairs their rights." *Williams v. Marlar (In re Marlar)*, 267 F.3d 749 (8th Cir. 2001). The person aggrieved standard serves the acute need to limit collateral appeals in the bankruptcy context. *Seaver v. New Buffalo Auto Sales (In re Hecker)*, 496 B.R. 541 (B.A.P. 8th Cir. 2013).

"Typically, a debtor has no standing to object to claims or orders relating to them because the debtor does not have a pecuniary interest in the distribution of the assets of the estate. This is because an objection to a proposed distribution only affects how much each creditor will receive and does not affect the debtor's rights." *Kieffer v. Riske (In re Kieffer)*, 226 B.R. 204, 208 (B.A.P. 8th Cir. 1998) (internal citations omitted). However, there is an exception to this general rule - a debtor may have standing if there is a surplus of assets that may be returned to the debtor after distribution. *Id.* Most of the time this issue arises in the context of a chapter 7 case, however, the principle can be applied equally in a chapter 13 case where the debtor is proposing to pay creditors less than the full amount of their claims.

In this case, the debtor's May 23, 2014 plan was a liquidation analysis pot plan. It requires her to pay the trustee $590.00 per month for the duration of the

4

plan. The trustee makes prescribed payments for attorney's fees, other priority creditors, a student loan creditor and a secured creditor. What is left goes to the non-priority unsecured creditors pro rata. Under this particular treatment of non-priority unsecured creditors, the amount of money distributed to creditors may be affected by the payment of other claims. *See e.g., In re Donahue*, 520 B.R. 782 (Bankr. W.D. Mo. 2014). Nevertheless, nothing on the face of the debtor's plan suggests that the creditors would be receiving a 100% distribution. While payment of Harder's claim will diminish the distribution to other creditors, it has no effect on the debtor's obligations under the plan. Regardless of the allowance of Harder's claim the debtor's obligations remain the same: $590.00 per month.

The debtor has failed to satisfy her burden as she has not pled or shown any facts establishing that the bankruptcy court's order diminished her property, increased her burdens, or impaired her rights. If the debtor had made an independent showing that all creditors would be paid in full and the length of the plan could have been shortened, then it is possible that she would have been an aggrieved party.

The requirement of standing is an indispensable part of the debtor's objection. Because the debtor was not aggrieved by the bankruptcy court's order, we dismiss her appeal for lack of jurisdiction.

_____