PER CURIAM.
Pro se creditors Eldon and Danny Bugg appeal from the judgment of the Bankruptcy Appellate Panel (BAP). The BAP affirmed the bankruptcy court’s order holding that the Buggs had willfully violated the automatic stay provision of 11 U.S.C. § 362 when they evicted Chapter *643 18 debtor Cyril Gray from his residence, and removed his truck and personal effects therefrom; but reversed its award of punitive damages based on the violation. For the following reasons, we conclude that the bankruptcy court’s award of actual damages was also improper.
This court applies the same review standards as the BAP, reviewing the bankruptcy court’s factual findings for clear error and its legal conclusions de novo. See In re Vote, 276 F.3d 1024, 1026 (8th Cir.2002). The commencement of a bankruptcy case creates an estate which includes all of the debtor’s legal and equitable interests in property as of the date the bankruptcy petition is filed. See 11 U.S.C. § 541(a)(1). The nature and extent of a bankruptcy debtor’s property interests are governed by state law. See In re Broadview Lumber Co., Inc., 118 F.3d 1246, 1250 (8th Cir.1997). The filing of a bankruptcy petition also triggers an automatic stay, which prohibits, inter alia, any act to take possession of, or to exercise control over, estate property. See 11 U.S.C. § 362(a). The automatic stay continues until the property in question is no longer property of the estate, the case is closed or dismissed, or a discharge is granted or denied. See 11 U.S.C. § 362(c).
An individual who is harmed by a willful violation of the automatic stay is entitled to, as relevant to this appeal, actual damages. See 11 U.S.C. § 362(k)(l). Because there is no dispute that the Buggs willfully took possession of the property at issue, Gray was entitled to damages under section 362(k), if (1) he had legal or equitable interests — as determined by Arkansas state law — in the residence, truck, or personal effects; and (2) to the extent he had such interests, they had not been released from the estate, and thus the protection of the automatic stay, before he was evicted.
First, assuming that the residence was properly included in the bankruptcy estate, we conclude that the stay was terminated as to the residence before the Buggs evicted Gray. The parties do not dispute that, after the Buggs moved for relief from the automatic stay, the bankruptcy court did not comply with the statutorily mandated time frames set forth in 11 U.S.C. § 362(e) (automatic stay shall terminate with respect to party making request for relief from stay if bankruptcy court does not hold hearings or rule on motion by certain deadlines). As such, the automatic stay was terminated as to the residence by operation of law upon the section 362(e) violation. See Grundy Nat’l Bank v. Harman Invs., Inc., 887 F.2d 1079, 1079, 1989 WL 117725, at *1 (4th Cir.1989) (unpublished table decision). While the BAP found that the Buggs had waived their right to enforce the section 362(e) deadlines, we conclude that the BAP erred in relying on waiver because it is an affirmative defense that Gray failed to raise before the bankruptcy court, the BAP, or this court. See Stephenson v. Davenport Comm. Sch. Dist., 110 F.3d 1303, 1306 n. 3 (8th Cir.1997).
Next, we conclude that the Buggs did not violate the automatic stay by taking possession of the personal effects, as the stay had been lifted as to those items because they were divested from the estate, prior to the eviction, by Gray’s claimed exemptions for their full value. Cf. Schwab v. Reilly, 560 U.S. 770, 774-76, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010); In re Grueneich, 400 B.R. 680, 684 (8th Cir. BAP 2009). As such, Gray was not entitled to relief under section 362(k) because the effects were no longer property of the estate, and the estate suffered no harm. Finally, we conclude that — to the extent the estate had a legal or equitable interest in the truck — the estate neverthe *644 less did not suffer any harm from its seizure, as a secured creditor had filed an uncontested claim against the estate for the balance of a loan secured by the truck, and Gray’s co-signor has since reimbursed the creditor the full balance of that loan. See 11 U.S.C. § 362(k).
Accordingly, we reverse the award of damages..