# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 19-6029

_____

In re: Michael M. Paczkowski, as surety for P&L Concrete Stamping, as surety for DRMP Concrete, LLC, as surety for Complete Exteriors, LLC, as surety for RRGMP Concrete, LLC, as surety for Stamped Concrete, Ltd.

*Debtor*

-------------------------------

Michael M. Paczkowski

*Debtor - Appellant*

v.

Casey Garven; Gina Garven; DRMP Concrete, LLC

*Movants - Appellees*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - Minneapolis

_____

Submitted: January 31, 2020
Filed: February 13, 2020

_____

Before SCHERMER, NAIL, and DOW, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Michael M. Paczkowski ("Debtor") appeals the September 19, 2019 order of the bankruptcy court granting Casey Garven, Gina Garven, and DRMP Concrete, LLC ("DRMP") relief from the automatic stay. For the reasons discussed below, we must dismiss this appeal.

BACKGROUND

The Garvens contracted with Debtor and DRMP for certain home repairs and improvements. Unhappy with the results, the Garvens sued Debtor and DRMP in state court and obtained a default judgment against them.

At the Garvens' request, the sheriff levied a writ of execution on Debtor's ownership interest in DRMP and scheduled an execution sale. At the execution sale, the Garvens purchased Debtor's ownership interest and became the sole owners of DRMP.

Upon learning of the execution sale, Debtor allegedly began withdrawing assets from DRMP and transferring them to a different entity. Debtor then filed a petition for relief under chapter 7 of the bankruptcy code.

On the Garvens and DRMP's motion, and over Debtor's objection, the bankruptcy court lifted the automatic stay to allow the Garvens and DRMP to commence a state court action against Debtor and related third parties to avoid the allegedly fraudulent transfers. Debtor timely appealed.

DISCUSSION

We have an independent duty to examine our jurisdiction. *Robb v. Harder* (*In re Robb*), 534 B.R. 354, 356-57 (B.A.P. 8th Cir. 2015). If an appeal is moot, we lack jurisdiction. *Sears v. U.S. Trustee* (*In re AFY*), 734 F.3d 810, 816-17 (8th Cir. 2013).

Whether this appeal is moot is resolved by reference to the bankruptcy code.

> [I]n a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless–
>
> (A) a final decision is rendered by the court during the 60-day period beginning on the date of the request; or
>
> (B) such 60-day period is extended–
>
> > (I) by agreement of all parties in interest; or
> >
> > (ii) by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.

11 U.S.C. § 362(e)(2).

The Garvens and DRMP filed their motion for relief from the automatic stay on June 5, 2019. The bankruptcy court rendered its final decision on September 19, 2019. This is more than 60 days after the Garvens and DRMP filed their motion.

The record does not reflect the 60-day period was extended either by agreement of the parties in interest or by the bankruptcy court for a specific period of time that

the bankruptcy court found was required for good cause.[1]  Consequently, the automatic stay was terminated by operation of law on August 5, 2019,[2] rendering the bankruptcy court's later order lifting the stay superfluous.

In reaching this conclusion, we are aware many courts have held the protection afforded creditors by § 362(e)(2) may be waived.  *See, e.g., Bugg v. Gray* (*In re Gray*), 519 B.R. 767, 773 (B.A.P. 8th Cir. 2014) (collecting cases), *rev'd in part*, 642 Fed. Appx. 641 (8th Cir. 2016).  However, it was incumbent on Debtor to raise this affirmative defense before the bankruptcy court.  *See Bugg v. Gray* (*In re Gray*), 642 Fed. Appx. 641, 643 (8th Cir. 2016) (*per curiam*) ("[T]he BAP erred in relying on waiver [to avoid the consequences of § 362(e)(2)] because it is an affirmative defense that [Debtor] failed to raise before the bankruptcy court, the BAP, or this court.").  The record does not reflect Debtor did so.

The termination of the automatic stay by operation of law prevents us from providing Debtor any effective relief.  This appeal is therefore moot.  *Marshall v. Deutsche Bank Nat'l Trust Co.* (*In re Marshall*), 595 B.R. 269, 271-72 (B.A.P. 8th Cir. 2019).

## CONCLUSION

Because this appeal is moot, we lack jurisdiction and must dismiss it.

---

[1]Our inability to look beyond the record underscores the importance of placing any such agreement to extend the 60-day period on the record.

[2]The date that is 60 days after the Garvens and DRMP filed their motion for relief from the automatic stay on June 5, 2019 is August 4, 2019.  However, August 4, 2019 was a Sunday.  *See* Fed.R.Bankr.P. 9006(a)(1)(C).