# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 26-6010

_____

In re:  Richard N. Berkshire

Debtor

------------------------------

Richard N. Berkshire, also known as Richard Noble Berkshire

Debtor - Appellant

v.

Lauren R. Goodman

Trustee - Appellee

Jerry Lee Jensen

U.S. Trustee - Appellee

_____

Appeal from United States Bankruptcy Court
for the District of Nebraska

_____

Submitted: March 5, 2026
Filed: March 20, 2026

[Published]

_____

Before CONSTANTINE, JONES, and KULM ASK, Bankruptcy Judges.
_____

PER CURIAM.

This appeal arises from the bankruptcy case of Debtor-Appellant Richard Berkshire ("Appellant").

## BACKGROUND

On April 18, 2025, Appellant filed a chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Nebraska. Appellant later sought to convert his chapter 11 case to a chapter 7 case. After a hearing, the bankruptcy court entered an order converting the case on February 6, 2026. On February 20, 2026, Appellant filed with the bankruptcy court a Notice of Appeal of Filing 456 and Statement of Election ("Notice of Appeal"). The Notice of Appeal identifies the subject of the appeal as "Filing 456 Appointment of Lauren Goodman as Chapter 7 Trustee." Document number 456 was a text entry filed on the bankruptcy court docket by Acting United States Trustee Jerry Jensen on February 6, 2026, and stated "The United States Trustee appoints Lauren R. Goodman as the trustee. (Jensen, Jerry)(Entered: 02/06/2026)."[1]

_____

[1]The bankruptcy court docket entry for the Notice of Appeal also references as a related document an administrative order entered at document number 462 titled "Order Regarding Pending Motions." That administrative order was entered by the bankruptcy court on February 9, 2026, and disposes of various motions filed before Appellant's case was converted from a Chapter 11 case to a Chapter 7 case. It includes rulings denying as moot several pre-conversion motions, including a motion to remove Lauren Goodman as the Chapter 11 trustee. The final paragraph of the order makes clear the bankruptcy court was not ruling on a motion to remove Ms. Goodman as Chapter 7 trustee because no such motion was in front of the court.

## DISCUSSION

Appellate courts have an independent obligation to examine their jurisdiction. *Dwyer v. Cohn* (*In re Dwyer*), 244 B.R. 426, 428 (B.A.P. 8th Cir. 2000). Under 28 U.S.C. § 158(c), this court is authorized to hear the types of appeals described in section 158(a). Those under section 158 are appeals from "final judgments, orders, and decrees" as well as certain "interlocutory orders and decrees." *TooBaRoo, LLC v. Olsen* (*In re W. Robidoux, Inc.*), 663 B.R. 731, 735 (B.A.P. 8th Cir. 2024).

Before this court can consider whether the appeal before it is interlocutory or final, it must determine whether the appeal arises from a judgment, order, or decree. The document Appellant is appealing is an appointment of the chapter 7 trustee filed by Acting United States Trustee Jerry Jensen. It is an action of the United States Trustee and not by the bankruptcy court. On its face, this is not a judgment, order, or decree of the bankruptcy court.

## CONCLUSION

Because the text entry at document number 456 is not a judgment, order, or decree under 11 U.S.C. § 158(a), we lack jurisdiction over the appeal. The appeal is dismissed.

_____